IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL ACTION NO. 1:19-CR-361-AT |
| CHRISTINA MARIE WILSON, | |
| Defendants. | |

## **ORDER**

Currently pending before the Court is Magistrate Judge Justin Anand's Report and Recommendation ("R&R") of February 7, 2020. (Doc. 34). This R&R in summary, condensed terms covers the same Fourth Amendment suppression issues addressed in *Wilson I*, the predecessor case to the instant case, 1:16-CR-27-AT-JSA, which was dismissed without prejudice for speedy trial reasons on July 25, 2018. *See Wilson I* docket, Docs. 96, 114, 149, 187. The Magistrate Judge's Report recommends that the Court deny Defendant's new suppression motions (Docs. 24, 30) for the same reasons articulated in the Magistrate Judge's reports and recommendations in *Wilson I* (Docs. 96, 130 in 1:16-CR-27-AT-JSA).

The Defendant once again asserts objections. Her objections are comparable if not precisely identical to her prior objections. (Doc. 52). Defendant points out that the FBI recording of the interview with Defendant (which is somewhat incomplete due to the FBI agent's coming and going) does not reflect that federal or state law enforcement

officers ever expressly advised Defendant she was free to go and not under arrest. However, the tape does confirm that the officers did communicate there were no charges currently pending against her.[1] And Defendant does not dispute that officers communicated with her regarding the search warrant being executed. Defendant raises *Miranda*[2] warning, voluntariness, coercion, and undue duress arguments based on the factual circumstances of the law enforcement officers' execution of the search and interview as well as her psychological condition.

The Court has reviewed on a de novo, independent basis the record in conjunction with Defendant's Motion to Suppress Statements (Docs. 24, 30) and Defendant's Objections (Doc. 52), consistent with the provisions of 28 U.S.C. § 636(b)(1). The Court continues to view this as a troubling case because of the officers' inconsistent statements in the different hearings as to what they expressly advised Defendant (or did not) as to her arrest status, especially in the context of the sudden appearance of 8 or 9 agents at Defendant's home to conduct a search of the total house. The Court, however, views the Magistrate Judge's ultimate factual and legal *Miranda* analysis in his original report, as corrected and supplemented by his subsequent Report and Recommendation, to be both factually and legally correct. The Court agrees that a *Miranda* warning was not required as the Defendant cannot be said to have been in custody based on the record in this case. *See United States v. Luna-Encinas*, 603 F.3d 876, 881 (11th Cir. 2010)("... although a reasonable person in the defendant's position may feel constrained not to leave the scene of a police encounter -- and thus may be

---

[1] The Court notes that the FBI lead agent's tape also did not include all of the interview conducted by FBI Agent Thomas Clark and Task Force Officer Patrick Wolfe.
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

deemed to have been 'seized' by law enforcement -- he will not necessarily be considered in 'custody' for Fifth Amendment purposes. Rather, "a free-to-leave inquiry reveals only whether the person questioned was seized." (Citations omitted.)

The Magistrate Judge previously determined that Defendant's *Jackson v. Denno*[3] voluntariness ground for suppression of her statements had been waived, though he indicated he would find, if the waiver does not apply, that the totality of the facts support a finding of voluntariness. (*Wilson 1*, Doc. 130 at 12, fn. 2.) As this is a newly instituted case, the Court is not prepared to apply the prior determination of waiver. But Defendant's counsel certainly should have made a more expansive *Jackson v. Denno* argument in his suppression motion in this *current* case, especially in light of the Magistrate Judge's prior waiver finding that was based on Defendant's boiler plate briefing. While many of the same factors that warrant denial of Defendant's *Miranda* motion apply to the *Jackson v Denno* analysis here, the Court notes that the Defendant has consistently argued evidence related to her mental health that may bear relevance to her claim that her statements provided on September 30, 2015 were not voluntarily provided. Accordingly, Defendant may renew her *Jackson v. Denno* motion at a hearing that would be held immediately preceding trial in this matter if this case is not otherwise resolved.

Accordingly, the Court **ADOPTS** the Magistrate Judge's findings in his current R&R (Doc. 34), incorporating the earlier R&R and supplemental R&R in *Wilson I* (Docs. 96, 130), with the following exception. The Court **DECLINES** to adopt the Magistrate

---

[3] *Jackson v. Denno*, 378 U.S. 368 (1964).

Judge's waiver finding as to the *Jackson v. Denno* voluntariness issue. The Court defers ruling on the portion of Defendant's motion that seeks to raise a *Jackson v. Denno* issue and reserves that issue for resolution at a hearing preceding trial, if properly presented by Defendant. Subject to this exception, the Court **DENIES** Defendant's Motions to Suppress (Docs. 24, 30) and overrules Defendant's Objections (Doc. 52).

The Court hereby sets the trial date for defendant Christina Marie Wilson to begin on June 1, 2020, at 9:30 AM in Courtroom 2308. The pretrial conference is set for May 27, 2020, at 10:30 AM in Courtroom 2308. Defendant is required to attend the pretrial conference or present a written waiver of her attendance. By May 6, 2020, the parties are to file any motions in limine and proposed voir dire questions. By May 6, 2020, the Government is to file a summary of the indictment for use in voir dire. By May 13, 2020, the parties are to file any objections to those items listed above. The time from March 4, 2020, to June 1 9, 2020, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk. Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial. The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at [http://www.gand.uscourts.gov/case-prep-judge-totenberg](http://www.gand.uscourts.gov/case-prep-judge-totenberg) for information regarding the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

It is **SO ORDERED** this 4th day of March, 2020.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**